**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| In re:<br>MICHAEL EDWARD BOYD,<br>Debtor. | Case No.: 21-70320-AKM-7<br>Adversary Case No. 22-57015 |
| R. STEPHEN LAPLANTE, Chapter 7 Trustee,<br>Plaintiff, | |
| v. | Case No. 3:23-cv-0047-RLY-CSW |
| MICHAEL EDWARD BOYD; ANDREW<br>BOYD; MAEGAN BOYD; ROADRUNNER<br>GROUP LLC; BOYD AND COMPANY<br>LOGISTICS LLC; BOYD AND COMPANY,<br>LLC; AND FSA ENERGY SERVICES, LLC,<br>Defendants. | |

**AGREED MOTION TO COMPROMISE AND SETTLE CLAIMS PURSUANT TO**
**BANKRUPTCY RULE 9019 AND NOTICE OF OBJECTION DEADLINE**

Plaintiff, R. Stephen LaPlante, in his capacity as chapter 7 trustee (the "Trustee"), Andrew

Boyd, Boyd and Company, LLC, Boyd and Company Logistics, LLC, FSA Energy Services, LLC

and Roadrunner Group LLC (collectively "Entity Defendants"), Maegan Boyd, Michael Boyd (the

"Debtor"), and through their respective undersigned counsel, respectfully move pursuant to

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") Rule 9019 for an order authorizing

the Trustee to compromise and settle certain claims between Trustee on behalf of the Debtor's

chapter 7 estate and the Entity Defendants, Maegan Boyd, and the Debtor (the "Settlement"), and

enter into the settlement agreement attached as **Exhibit 1** (the "Settlement Agreement"), on the

following grounds:

**Jurisdiction and Venue**

This Court has original jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409 because this matter is related to a case under title 11 of the United States Code (the "Bankruptcy Code").

**Background**

1.      On April 16, 2021 (the "Petition Date"), the Debtor filed for chapter 7 relief under title 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"), Case No. 21-70320-AKM (the "Bankruptcy Case").

2.      The Trustee was appointed the chapter 7 trustee for the Debtor's Bankruptcy Case.

3.      On August 4, 2022, the Trustee initiated a contested matter against the Debtor in the Bankruptcy Court by filing the *Trustee's Amended Objection to Debtor's Amended Claim of Exemption and Joinder in Centier Bank's Objection to Debtor's Claimed Exemptions* (Bankr. Case Doc. 164) (the "Exemption Objection"), which the Debtor has contested and which remains pending before the Bankruptcy Court.

4.      On August 4, 2022, the Trustee filed the Complaint (Doc. 3-21, PageID:# 410–41) commencing the Adversary Proceeding No. 22-57015 and asserting a seven counts against the Entity Defendants, Maegan Boyd, and the Debtor (collectively, the "Defendants") under the Bankruptcy Code and Indiana state law (the "Litigation").

5.      The Entity Defendants did not file a claim in the Debtor's Bankruptcy Case, nor did they actively participate in the case, and therefore did not consent to the jurisdiction of the Bankruptcy Court and asserted the right to a jury trial in this Court. Accordingly, on February 21, 2023, the Entity Defendants moved to withdraw the reference of the Litigation to this Court ("Motion to Withdraw"). (Mot. to Withdraw Ref., Doc. 1.)

4924-0757-9424

6.      The Trustee did not oppose the Motion to Withdraw. (Resp., Doc. 2.)

7.      On August 14, 2023, the Court granted the Motion to Withdraw. (Order, Doc. 13.)

8.      The parties have actively litigated this case for over 2 years and engaged in discovery and motion practice. However, there remains significant litigation to bring the case to conclusion, including, but not limited to, additional depositions, dispositive motion practice, pretrial motion practice, and a jury trial.

9.      The parties have been engaging in ongoing settlement negotiations and in late January 2025 reached agreeable settlement terms and have drafted and agreed to the terms of the Settlement Agreement.

10.     The Settlement of the parties is embodied in the Settlement Agreement attached hereto. Among other things, the Settlement provides for:

a.      Payment Terms: The Defendants shall transfer to the Trustee the sum of Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00) (the "Settlement Payment"), payable as follows:

i.      Defendants shall pay to the Trustee an initial, lump sum payment of Three Hundred Eighty Thousand Dollars and No Cents ($380,000.00) (the "Initial Payment") by the later of (i) fourteen (14) days after the Effective Date; or (ii) the Trustee has provided a W-9 form or other such necessary information to comply with any withholding requirements of any governmental unit; or (iii) the Trustee has provided payee, address, wire transfer and/or any other instructions necessary to allow for the delivery of the Settlement Payment. ("Initial Payment Date");

ii.     Following the Initial Payment, Defendants shall pay to the Trustee the balance of Seventy Thousand Dollars and No Cents ($70,000.00) payable in twelve (12) monthly installments of Five Thousand Eight Hundred Thirty-Three Dollars and No Cents ($5,833.00) (each an "Installment Payment"), commencing on the first business day of the month following the Initial Payment Date and payable on the first business day of the month thereafter until the Settlement Payment is paid in full; and

iii.    Nothing shall prevent the Defendants from paying the Initial Payment or any Installment Payments early and there shall be no penalty for doing so.

3

b. <u>Trustee's Dismissal</u>. Upon receipt of the Initial Payment, the Trustee shall file all appropriate documents with this Court to dismiss the Litigation with prejudice and without costs and in the Bankruptcy Court to withdraw the Exemption Objection, and each party shall provide any necessary consents or approval of such documents.

c. <u>Releases</u>: Releases by the Trustee of the Non-Debtor Defendants[1] and a separate release by the Trustee of the Debtor Defendant.[2]

d. <u>Referral to Bankruptcy Court for Enforcement of Settlement Agreement</u>: Notwithstanding, the dismissal with prejudice of the Litigation, the Trustee may enforce the obligations set forth in this Agreement against the Defendants, jointly and severally. The Trustee's rights against the Non-Debtor Defendants shall be limited to the payment obligations under the Settlement Agreement. Upon the dismissal of the Litigation, the Court will refer all remaining matters, including the collection of the balance of the Settlement Payment, to the Bankruptcy Court and all the Defendants will be deemed to have consented to the jurisdiction of the Bankruptcy Court by their execution of the Settlement Agreement. The Non-Debtor Defendants therefore consent to any enforcement proceeding in the Bankruptcy Court only with respect to the enforcement of the Settlement Agreement.

### **Requested Relief and Basis**

By this Motion, parties request the Court enter an Order approving the Settlement, as set forth in the Settlement Agreement, pursuant to Bankruptcy Rule 9019. Because the Litigation has been withdrawn, this Court is the proper court to decide this Motion.

Bankruptcy Rule 9019(a) provides that the Court may approve a compromise or settlement on a motion, after notice and a hearing. Pursuant to § 102 of the Bankruptcy Code, "after notice and a hearing" means after appropriate notice and opportunity for a hearing but authorizes action without a hearing if no timely request is made.

Approval of a proposed settlement rests in the discretion of the court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992) (approval cannot be overturned unless it was abuse of discretion); *In re Energy Co-op, Inc*., 886 F.2d 921, 926 (7th Cir. 1989). In reviewing any proposed settlement under Bankruptcy Rule 9019, courts will approve the settlement if it is "fair

---

[1]    The term, "Non-Debtor Defendants," means Entity Defendants and Maegan Boyd.
[2]    The term, "Debtor Defendant," means the Debtor, Michael Boyd.

and equitable" and "in the best interests of the  bankruptcy estate." *Depoister v. Holloway Found.*, 36 F.3d 582, 586–87 (7th Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) and *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.1987)).

> Among the factors the bankruptcy judge should consider in his analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay (including the possibility that disapproving the settlement will cause wasting of assets). The bankruptcy judge should also consider the creditors' objections to the settlement; however, the creditors' views are not controlling.

*In re Am. Reserve Corp.*, 841 F.2d at 161–62 (citations omitted). *See also In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) ("The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating.").

While the Court "is required to apprise [it]self 'of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated,'" it is not required to conduct a full evidentiary hearing regarding the propriety of the settlement. *Depoister*, 36 F.3d at 586–87. Stated differently, the Court must make an informed and independent judgment, and it may give weight to the debtor's informed judgment, but the court need not make an independent investigation of the facts or conduct a "mini-trial" on the claims or issues being resolved. *In re Red Top Rentals, Inc.*, 2011 WL 13507166, at *2 (Bankr. S.D. Ind. Feb. 17, 2011) (citing *In re Heissinger Res. Ltd.*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("We reject the notion that a 'mini trial' on the merits of the claim sought to be compromised is required")).

In this case, after extensive settlement negotiations, the Trustee believes that the Settlement is a reasonable exercise of sound business judgment and in the best interest of the estate and Debtor's creditors. These claims have been pending for over two-and-a-half years. If the Trustee

were to litigate these claims to conclusion, it could take months or years to resolve them, and thousands of dollars in professionals fees. The claims could be unsuccessful, or even if successful could result in keeping the Debtor's chapter 7 case open for additional time, as well as the creation of additional claims which would diminish the recovery of general unsecured creditors.

Alternatively, the Settlement provides a certain recovery for the Debtor's bankruptcy estate by providing for a fixed amount and further permits the Trustee to collect on the Settlement Agreement in the Bankruptcy Court in the event of a default. Creditors have waited almost four years to obtain recoveries on their claims against the Debtor's estate. This Settlement will allow the Trustee to make a material distribution to creditors and, thereafter, he may be able to close the estate as soon as all remaining matters in the case are resolved. The result is substantially preferable to several more years of litigation

For all of the reasons set forth herein, the Settlement reflected in the Settlement Agreement is well within the range of reasonableness, as the benefits inured to the Debtor's bankruptcy estate reflect what might be achieved through continued litigation, and the settlement offers certainty and reduced professional fees. See e.g., *Nellis v. Shgrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (the question is not whether a better result is possible, but whether the settlement is within the range of reasonableness). Accordingly, the Court should enter an order approving the Settlement between the Parties as set forth in the Settlement Agreement.

The bankruptcy estate will receive substantial benefits and the proposed Settlement is in the best interest of the Debtor's estate and its creditors. Accordingly, the parties request that this Motion be granted and the settlement approved.

4924-0757-9424

## NOTICE

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE**.

If you do not want the court to approve the compromise or settlement, or if you want the Court to consider your views on the Motion, then on or before April 1, 2025 (21 days from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must reference the above-captioned case and case number, and deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

U.S. District Court
Clerk's Office, Room 304
101 Northwest MLK Boulevard
Evansville, IN 47708

You must also send a copy of your objection to:

Sandra D. Freeburger
DEITZ, SHIELDS & FREEBURGER LLP
101 First Street, P.O. Box 21
Henderson, KY 42419
Email: sfreeburger@dsf-atty.com
*Counsel for Trustee, R. Stephen LaPlante*

Chacey R. Malhouitre
Jackson Kelly PLLC
100 W. Main Street, Suite 700
Lexington, KY 40507
Email: chacey.malhouitre@jacksonkelly.com
*Counsel for Defendants, Andrew Boyd, Boyd and Company, LLC, Boyd and Company Logistics, LLC, FSA Energy Services, LLC and Roadrunner Group LLC*

Christopher A. Bates
William P. Harbison
Joseph H. Haddad
SEILLER WATERMAN LLC
462 S. 4th St., Suite 2200
Louisville, KY 40202
Email: bates@derbycitylaw.com
harbison@derbycitylaw.com
haddad@derbycitylaw.com
*Counsel for Michael Edward Boyd and Maegan Boyd*

**If no timely objection to this Motion is filed, the Court may decide this Motion without conducting a Hearing. If you have any doubt whether this Motion will be heard at a hearing, you should contact the undersigned counsel for the Trustee.**

4924-0757-9424

**WHEREFORE**, the Trustee, Debtor, Maegan Boyd, and the Entity Defendants respectfully request that the Court enter an Order approving the Settlement, on the terms and conditions set forth herein and more specifically detailed in the Settlement Agreement (**Ex. 1**), and granting the Parties all other just and proper relief.

Agreed to and respectfully submitted,

/s/ *Chacey R. Malhouitre*
Chacey R. Malhouitre (KY #91019)
Jackson Kelly PLLC
100 W. Main Street, Suite 700
Lexington, KY 40507
PH: (859) 255-9500
Email: chacey.malhouitre@jacksonkelly.com

And

James D. Johnson, #11984-49
20 N.W. Third Street, Suite 700
P.O. Box 1507
Evansville, IN 47706
PH: (812) 422-9444
Email: jdjohnson@jacksonkelly.com
*Counsel for Defendants, Andrew Boyd, Boyd and Company, LLC, Boyd and Company Logistics, LLC, FSA Energy Services, LLC and Roadrunner Group LLC*

s/ *Sandra D. Freeburger*
Sandra D. Freeburger (KY 23467)
DEITZ, SHIELDS & FREEBURGER LLP
101 First Street, P.O. Box 21
Henderson, KY 42419
Tele: (270) 830-0830
Email: sfreeburger@dsf-atty.com
*Counsel for Trustee, R. Stephen LaPlante*

s/ *Christopher A. Bates*
Christopher A. Bates KY 87308
William P. Harbison, #27139-53
Joseph H. Haddad, #26974-45
SEILLER WATERMAN LLC
462 S. 4th St., Suite 2200
Louisville, KY 40202
Tele: 502-371-3504
Email: bates@derbycitylaw.com
        harbison@derbycitylaw.com
        haddad@derbycitylaw.com
*Counsel for Michael Edward Boyd and Maegan Boyd*

8

4924-0757-9424

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, the foregoing document was electronically filed using the Court's e-filing system (CM/ECF) and that a copy was served upon all counsel of record via CM/ECF:

R. Stephen LaPlante slaplante@laplantellp.com
Yvette M. LaPlante yvette@laplantelegal.com
Christopher A. Bates bates@derbycitylaw.com
Joseph H. Haddad haddad@derbycitylaw.com
William P. Harbison harbison@derbycitylaw.com
James D. Johnson jdjohnson@jacksonkelly.com
Chacey R. Malhouitre chacey.malhouitre@jacksonkelly.com

I further certify that on March 11, 2025, a copy of the foregoing and any attachments were served on creditors and parties in interest listed on the Creditor Matrix in the Debtor's Bankruptcy Case via (i) electronic service through the Bankruptcy Court's CM/ECF system through the electronic filing of a notice in the Bankruptcy Court and (ii) United States Mail, postage prepaid, to the extent a party does not receive electronic service through the filing in the Bankruptcy Court.

*s/ Sandra D. Freeburger*
Sandra D. Freeburger (KY 23467)
DEITZ, SHIELDS & FREEBURGER LLP
101 First Street, P.O. Box 21
Henderson, KY 42419
Tele: (270) 830-0830
Email: sfreeburger@dsf-atty.com
*Counsel for Trustee, R. Stephen LaPlante*

4924-0757-9424