UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| R. STEPHEN LAPLANTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-00047-RLY-CSW |
| ) | |
| ANDREW BOYD, ) | |
| ROADRUNNER GROUP LLC, ) | |
| BOYD AND COMPANY LLC, ) | |
| FSA ENERGY SERVICES LLC, ) | |
| BOYD AND COMPANY LOGISTICS LLC, ) | |
| MICHAEL EDWARD BOYD, and ) | |
| MAEGAN BOYD, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING AGREED MOTION TO COMPROMISE
AND SETTLE CLAIMS**

Before the court is the parties' Agreed Motion to Compromise and Settle Claims Pursuant to Bankruptcy Rule 9019. (Filing No. 78). For the reasons set forth below, the court **GRANTS** the motion.

**I.   Background**

On April 16, 2021, Defendant Michael Edward Boyd ("Debtor") filed for Chapter 7 relief under the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Indiana. (*In re Boyd*, No. 21-70320-AKM (Bankr. S.D. Ind. 2021)). Plaintiff R. Stephen LaPlante ("Trustee") was appointed as the Trustee of the Debtor's bankruptcy estate ("Estate"). (*See id.*).

1

On August 4, 2022, the Trustee filed a complaint commencing the Adversary Proceeding, Case No. 22-57015 ("Litigation"), which asserts seven claims under the Bankruptcy Code and Indiana state law against Defendants Andrew Boyd; Boyd and Company, LLC; Boyd and Company Logistics, LLC; FSA Energy Services, LLC; and Roadrunner Group LLC (collectively, "Entity Defendants"), as well as the Debtor and his wife, Defendant Maegan Boyd. (Filing No. 3-21). On February 21, 2023, the Entity Defendants moved to withdraw the automatic reference of the Adversary Proceeding to the bankruptcy court. (Filing No. 1). The court granted the motion. (Filing No. 13).

In early 2025, the parties reached a settlement and drafted the Settlement Agreement. (Filing No. 78-1, Settlement Agreement). The agreement provides, among other things, the following:

> 4. <u>Settlement Payment</u>. The Defendants shall transfer to the Trustee the sum of Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00) (the "Settlement Payment"), payable as follows:
>
> > a. Defendants shall pay to the Trustee an initial, lump sum payment of Three Hundred Eighty Thousand Dollars and No Cents ($380,000.00) (the "Initial Payment") by the later of (i) fourteen (14) days after the Effective Date; or (ii) the Trustee has provided a W-9 form or other such necessary information to comply with any withholding requirements of any governmental unit; or (iii) the Trustee has provided payee, address, wire transfer and/or any other instructions necessary to allow for the delivery of the Settlement Payment. ("Initial Payment Date");
> >
> > b. Following the Initial Payment, Defendants shall pay to the Trustee the balance of Seventy Thousand Dollars and No Cents ($70,000.00) payable in twelve (12) monthly installments of Five Thousand Eight Hundred Thirty-Three Dollars and No Cents ($5,833.00) (each an "Installment Payment"), commencing on the first business day of the month following the Initial Payment Date and payable on the first

2

business day of the month thereafter until the Settlement Payment is paid in full; and

c. Nothing shall prevent the Defendants from paying the Initial Payment or any Installment Payments early and there shall be no penalty for doing so.

5. <u>Trustee's Dismissal</u>.  Upon receipt of the Initial Payment, the Trustee shall file all appropriate documents [with the] U.S. District Court to dismiss the Litigation with prejudice and without costs and in the Bankruptcy Court to withdraw the Exemption Objection, and each Party shall provide any necessary consents or approval of such documents.  Upon the dismissal of the Litigation, the U.S. District Court shall refer all remaining matters, including the collection of the balance of the Settlement Payment, to the Bankruptcy Court and all the Defendants will be deemed to have consented to the jurisdiction of the Bankruptcy Court by their execution of this Agreement.

6. <u>Default and Remedies</u>.  Failure to make a timely payment pursuant to this Agreement shall be a default of the Agreement, and the obligations due and payable to the Estate pursuant to this Agreement shall be accelerated by written notice to the counsel of record for each Defendant or the Defendants, personally.  The Trustee's rights against the Non-Debtor Defendants shall be limited to the payment obligations under this Agreement.  Notwithstanding[] the dismissal with prejudice of the Litigation, the Trustee may enforce the obligations set forth in this Agreement against the Defendants, jointly and severally, in the Case before the Bankruptcy Court[,] state or federal court, utilizing any remedies under Title 11, or state law, that he may deem appropriate.  The Non-Debtor Defendants therefore consent [] to any enforcement proceeding in the Bankruptcy Court only with respect to the enforcement of the Agreement.

7. <u>General Release of the Non-Debtor Defendants by the Trustee</u>.  With the exception of the obligations and liability arising under this Agreement, upon receipt of the Initial Payment, and in consideration of receipt of the entire Settlement Payment and the terms of this Agreement, the Trustee, on behalf of the Debtor's Estate, agrees to and shall be deemed to have fully and generally released and discharged the Non-Debtor Defendants . . . from and against any and all manner of claims, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities and demands of any kind whatsoever in law or in equity, . . . including attorneys' fees and costs that any of the Trustee, on behalf of the Estate, now has, has had or may have had against any of the Non-Debtor

> Defendant Releasees arising out of, related to or in connection with, directly or indirectly, the Debtor, the Debtor's estate, and/or the facts and circumstances underlying the Litigation or the Case, including the validity of the transactions alleged in the Litigation or the Case . . . .
>
> 8. <u>General Release of Debtor Defendant by the Trustee</u>.  With the exception of the obligations and liability arising under this Agreement, upon receipt of the Initial Payment, and in consideration of receipt of the entire Settlement Payment and the terms of this Agreement, the Trustee, on behalf of the Debtor's Estate, shall release the Debtor Defendant from any claims by the estate against the Debtor Defendant which are now known to the Trustee or his representatives or reasonably ought to be known to the Trustee and his representatives.  Nothing in this Agreement shall be deemed a release of the pending adversary proceeding styled Centier Bank v. Michael Boyd, A. P. No. 22-57018, or any claims which have not yet arisen or have not been asserted against the Debtor Defendant by any creditor or claimholder of this Bankruptcy Estate, including but not limited to tax claims by appropriate taxing authorities, *provided further*, that nothing in this Agreement shall be construed as the Debtor Defendant's consent to any claim held by the Estate being made by any person other than the Trustee.

(*Id.* ¶¶ 4–8).

Now, the parties jointly move pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for an order approving the settlement as set forth in the Settlement Agreement. (Filing No. 78).

## II. Discussion

Bankruptcy Rule 9019 provides that the court "may approve a compromise or settlement" on motion of the trustee "and after notice and a hearing." Fed. R. Bankr. P. 9019(a). This requires only "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). An "actual hearing" is not required where, as here, notice is properly given and a hearing is not requested. *Id.* § 102(1)(B); *see also Depoister v.*

4

*Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) (explaining Rule 9019(a) does not require "an evidentiary hearing prior to approving a compromise").

The court may approve an adversary litigation settlement if it is fair, equitable, and in the best interests of the estate. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Doctors Hosp. of Hyde Park*, 474 F.3d 421, 426 (7th Cir. 2007). The court "must independently evaluate the settlement," rather than "simply accept the recommendation of the trustee." *In re Doctors Hosp.*, 474 F.3d at 426. In evaluating the settlement, the court considers factors including "the litigation's probability of success, complexity, expense, inconvenience, and delay," as well as "the possibility that disapproving the settlement will cause wasting of assets." *Id.* (quoting *In re Am. Rsrv. Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). Ultimately, the settlement should be approved if it falls within "the reasonable range of possible litigation outcomes." *Id.*

Here, having reviewed the record, the Trustee's arguments, and the Settlement Agreement, and noting no objections, the court concludes the parties' proposed Settlement Agreement should be approved.

The claims in this adversary proceeding—seven counts against seven defendants—have been pending for two years. During that time, the parties have engaged in discovery and extensive settlement discussions. Bringing this case to its conclusion would require significant additional work, including depositions, dispositive motions, pretrial motions, and a jury trial. (*See* Filing No. 78 at 3). Continued litigation would increase costs to the Estate and considerably delay the resolution of this case. The

5

Settlement Agreement, by contrast, avoids the expense, inconvenience, and delay of continued litigation. The Settlement Agreement certainly falls within "the reasonable range of possible litigation outcomes," *In re Doctors Hosp.*, 474 F.3d at 426, and it provides for certain recovery for the Estate, (*see* Settlement Agreement ¶¶ 4, 6). It will allow the Trustee to make a material distribution to creditors, who have been waiting several years to recover on their claims against the Debtor's Estate. And importantly, no objections to the Settlement Agreement have been filed. *See In re Am. Rsrv. Corp.*, 841 F.2d at 161–62 (noting that the court should consider objections to the proposed settlement).

       Thus, having considered the factors set forth above, the court concludes that the proposed Settlement Agreement is in the best interests of the Estate and should be approved.

### III. Conclusion

The Agreed Motion to Compromise and Settle Claims Pursuant to Bankruptcy Rule 9019 and Notice of Objection Deadline (Filing No. 78) is **GRANTED**.

Accordingly, the Trustee and the Defendants are authorized to enter into the Settlement Agreement attached to the Motion (Filing No. 78-1) and to effectuate the terms of the agreement therein. The court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Entry unless and until the Litigation is dismissed with prejudice pursuant to the Settlement Agreement. Finally, the Trustee is **ORDERED** to distribute a copy of this Entry to all parties required to receive notice in the Bankruptcy Case.

**IT IS SO ORDERED** this 16th day of April 2025.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.